UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**JUN 0 1 2007**

---

| | |
|---|---|
| CAMEO BAPTISTE, )  | |
| PLAINTIFF, ) | |
| VS ) | COMPLAINT CIV07-4083 |
| TWIN CITY FAN COMPANIES, LTD., ) | |
| DEFENDANT. ) | |

---

## JURISDICTION

(1) This is a retaliation action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

(2) Plaintiff Cameo Baptiste is an adult female resident of Mitchell, South Dakota.

(3) At all times pertinent to this action, Twin City Fan Companies, Ltd. was doing business out of a plant in Mitchell, South Dakota.

(4) Baptiste filed a charge of discrimination with the EEOC on October 12, 2007 and received Notice of Right to Sue on March 21, 2007.

(5) This Court has jurisdiction over Plaintiff's retaliation claim pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343(4). Venue is proper in accordance with 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000-5(f)(3).

## COUNT ONE:   RETALIATION

(6) Cameo Baptiste was employed by the Twin City Fan Companies, LTD ("TCF") from April 26, 2004 until her termination on April 28, 2006.

(7) During her employment, Baptiste performed her position in a manner that met the expectations of the Defendant.

(8) TCF company policies prohibit horseplay, threatening or hostile behavior toward any employee, use of abusive, profane, obscene or derogatory language, sexual harassment or any other form of harassment.

(9) During her employment, Baptiste was assigned to work a night shift at the Mitchell plant and was the only female employee with approximately 20 male employees.

(10) While working the night shift, Baptiste began to experience random sexually harassing remarks from various male employees, generally referencing sexual acts and referring to her as "baby" and the "stupid bitch."

(11) Baptiste initially ignored the sexually offensive remarks of co-workers.

(12) In approximately February 2006, Baptiste started to receive offensive comments from a male co-worker, Jeff Bigelow, who referred to her as a "stupid bitch" and left her threatening notes at her work station.

(13) Baptiste was upset by Bigelow's behaviors and reported this offensive behavior to supervisor Kevin Mullenberg several times.

(14) At approximately the same time, another male co-worker, Matt Bodgee, began to refer to Baptiste as the "dumb bitch" and the "fucking bitch" and made sexually offensive gestures toward her in the presence of other male coworkers.

(15) Baptiste was upset by Bodgee's behaviors and reported this offensive behavior to her supervisor Kevin Mullenberg.

(16) After Baptiste made complaints about her male co-workers offensive to her supervisor, her male co-worker(s) began to retaliate against her by sabotaging her work product by changing production stickers, preventing her from getting updated instructional materials relevant to job performance and ostracizing her in the workplace.

(17) Baptiste complained to Mullenberg and TCF's Human Resources office about her co-worker's retaliatory treatment throughout March and April, 2006.

(18) On or about April 19, 2006, supervisor Mike Cobalt approached Baptiste at work, stared at her body and said, "Nice tits" in the presence of another male co-worker.

(19) Baptiste directly confronted Cobalt about his violation of the company's harassment policy.

(20) On April 25, 2006 Baptiste received a three-day suspension for "sticker errors." Assuming her suspension was related to her recent confrontation with Cobalt, Baptiste called the TCF main office in Minnesota and reported that she had been sexually harassed by Cobalt and was concerned that he might do it to someone else.

(21) When she was scheduled to return to work after her three day suspension, on April 28, 2006 Baptiste was told by phone that she was going to be terminated.

(22) Upon hearing that she was going to be terminated, Baptiste called TCF's Human Resources office in Minnesota and again reported Cobalt's sexual harassment but was not returned to work.

(23) Baptiste was subjected to a hostile work environment due to her reports of the sexually offensive and retaliatory actions of her male co-workers and supervisor in

3

violation of company policy and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

(24) TCF retaliated against Baptiste as a result of her reports of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2000e-5.

(25) Baptiste was subject to different treatment, discipline and termination as a result of her reports of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2000e.

(25) Baptiste lost wages, benefits, incurred costs and related expenses as a result of being unemployed and have suffered humiliation, anxiety and stress as a result of Defendant's actions.

(26) TFC's retaliatory actions were willful, intentional and malicious.

WHEREFORE, Baptiste prays for judgment against TCF as follows:

a. For a trial by jury on the merits of her claims;

b. For compensatory damages in such amount as the evidence at trial may show;

c. For damages, including but not limited to, those damages allowed by 42 U.S.C. §2000 *et seq* and any other pertinent and applicable statute, rule or regulation, whether state or federal.

d. For punitive damages in such an amount as the evidence at trial may show;

e. For costs and disbursements incurred herein, including prejudgment interest and reasonable attorney fees, and for such other and further relief as the Court may deem just.

Dated this 31 day of May, 2007.

4

JOHNSON & EKLUND

_____
Stephanie E. Pochop
P.O. Box 149
Gregory, SD 57533
Attorney for Plaintiff Cameo Baptiste